FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 02 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DAWN WILSON and THOMAS WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>WYETH, WYETH PHARMACEUTICALS, INC., SHERWOOD FAMILY MEDICAL CENTER, P.A., DONALD LAURENZANA, M.D., AND JOHN DOE TORTFEASORS 1-100, inclusive<br><br>Defendants. | CASE NO. CV-09-00343-JMM<br><br><br><br>STIPULATED PROTECTIVE ORDER |

## CONFIDENTIALITY STIPULATION AND ORDER

Plaintiffs Dawn and Thomas Wilson ("Plaintiffs") and Defendants Wyeth and Wyeth Pharmaceuticals, Inc. ("Wyeth"), by their undersigned counsel, hereby agree and stipulate as follows:

1.  Due to the nature of this product liability action, the parties anticipate that a significant volume of documents may be produced during discovery, which are entitled to protection as trade secrets, and/or because they discuss confidential research and development, financial, medical or private information. In order to promote efficiency and judicial economy, minimize discovery costs and ensure full and fair disclosure by the parties herein, the parties hereby stipulate to the entry of a protective order governing the confidentiality of specific documents and information (hereinafter "Confidential Information") produced or disclosed by certain parties in this action (the "Action") that are designated confidential. This stipulation does not waive the parties' right to object to the designation of certain documents as confidential, or to the protections of this Protective Order, and to file an appropriate motion with the Court, as described in paragraph 12 below.

2.      The parties may designate as "Confidential" deposition transcripts, discovery responses, including interrogatory answers, responses to requests for admission, etc., or portions thereof, and any documents, data, or other materials, or portions thereof, which contain trade secrets or confidential research, development, commercial, personal, or financial information, medical records or other confidential information. Such information will be deemed "Confidential Information." In addition, all documents, material data, and information obtained, derived, or generated from, or which include, confidential information shall be considered and defined as "Confidential Information." All documents made available for inspection from or copied from any New Drug Application (including any Investigational New Drug Application, Supplemental New Drug Application, Amended New Drug Application or Abbreviated New Drug Application), shall be marked as "Confidential" and deemed "Confidential Information."

3.      The designation of "Confidential Information" described in paragraph 2 above shall be made by stamping or labeling the document or portions thereof containing confidential information with the legend "CONFIDENTIAL / SUBJECT TO PROTECTIVE ORDER" prior to its production or, if inadvertently produced without a legend, by furnishing written notice of the inadvertent production specifically identifying documents which should have contained the legend. "Confidential Information" may also be designated:

>   (a)     in answers to interrogatories containing "Confidential Information" by stamping or labeling those pages that contain "Confidential Information" with the legend when served; and
>
>   (b)     at depositions, hearings or other proceedings, by designating information as "Confidential Information" on the record during the deposition or by marking it "Confidential Information" on the transcript within twenty (20) days of receipt and providing a copy to all parties;
>
>   (c)     as to "Confidential Information" disclosed by a third party, by notifying all parties within twenty (20) days of receipt of such information that the information, or portions thereof, contain "Confidential Information".

4.      Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents or information designated "Confidential Information" may be disclosed to:

(a) counsel to the parties and the clerical, technical, paralegal, and secretarial staff employed or retained by such Counsel and the parties' insurers, if any, who need to review such information in connection with this Action, any continuation of this proceeding through reconsideration, appeal, remand, or otherwise;

(b) each party and partners, officers, directors, employees of each party, if any, and third-party witnesses, but only if: (i) counsel determines that such disclosure is necessary to assist counsel in this Action; (ii) each such person consents to abide by all the terms of this Protective Order and executes the attached consent certificate; and (iii) counsel obtains the written consent of the disclosing party;

(c) consultants or experts separately consulted, retained, or employed in good faith to assist a party in the evaluation, prosecution, or defense of the Action, provided that any such consultant or expert consents to abide by all the terms of this Protective Order and executes the attached consent certificate before receiving any "Confidential Information"; no such disclosure shall be made, however, to any person employed by, or serving as a consultant to, any competitor of Wyeth;

(d) the Court and court personnel, including court reporters and stenographic reporters employed in connection with the Proceedings or any appeal thereof.

5. In no event shall any disclosure of Confidential Information be made to any competitor of Wyeth or to any person who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of Wyeth irrespective of whether they are retained as an expert by Plaintiff in this action.

6. Notwithstanding any other provision of this Protective Order, in no event shall "Confidential Information" be disclosed to any party, or its agent(s), including but not limited to counsel, employees, experts, etc., joined or added to this action subsequent to the entry of this Protective Order, unless and until the joined or added party agrees to be bound by the terms of and signs this Protective Order, and the joined or added party's agent consents to abide by all the terms of this Protective Order and executes the attached consent certificate, as required pursuant to subparagraphs 4(b) and (c).

7. Counsel shall be responsible for maintaining a list of all persons with whom "Confidential Information" has been shared pursuant to subparagraphs 4(b) and (c), as well as copies of the consent certificates signed by them. Upon a showing of good cause and only upon order of this Court, such lists, consent certificates and/or the identities of persons who signed such certificates may be required to be disclosed and/or made available for inspection.

8.    Notwithstanding any other provision of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing "Confidential Information" to any person who was an author, addressee, or carbon copy recipient of such document; and, regardless of designation pursuant to this Protective Order, if "Confidential Information" makes reference to actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute improper disclosure within the terms of this Protective Order.

9.    "Confidential Information" is not to be filed with the Court except when required in connection with motions or other matters pending before the Court, and only after the party seeking to file "Confidential Information" in support of a motion or other matter pending before the Court first notifies all parties of its intent to file "Confidential Information." Any "Confidential Information" of any type filed in support of a motion or other matter pending before the Court shall be filed under seal in an envelope marked with the title and caption of this action, the title of each document being filed, and a statement substantially in the following form:

> Pursuant to the Order of the Court dated _____, 2010, this envelope containing the above-entitled documents filed by [the name of the party] is not to be opened nor the contents thereof displayed or revealed, except by the Court, or in accordance with an Order of the Court.

10.    Nothing herein shall prevent any of the parties from publicly disclosing any of their own "Confidential Information," as they deem appropriate. However, once such public disclosure has been made, the confidentiality of any previously designated "Confidential Information" has been waived and the terms of this Protective Order no longer apply to such publicly disclosed materials, subject to the provisions of paragraph 18 below.

11.    If a party inadvertently produces "Confidential Information" without the required "CONFIDENTIAL / SUBJECT TO PROTECTIVE ORDER" legend, the producing party shall notify each receiving party within five (5) days of discovering the inadvertent

omission, and inform each receiving party in writing of the specific material at issue. Upon receipt of such notice, each receiving party shall treat the material identified in the notice as "Confidential Information", consistent with the terms of this Protective Order. Each receiving party shall further notify every person or organization that received copies of or access to the material identified in the notice that such material contains "Confidential Information", as defined by this Protective Order.

12. If any party objects to the designation of information as "Confidential Information," they shall state their objection and the basis therefore in writing to the producing party. Within seven (7) days from service of such an objection, the producing party shall reply in writing. The parties shall confer concerning any such dispute in accordance with local meet and confer requirements. If agreement cannot be reached, within twenty-eight (28) days of service of its objection(s) to the designation of Confidential Information, the objecting party may move the Court for an order stating that the information designated as "Confidential" is not "Confidential Information" within the meaning of this Protective Order and is not entitled to the protections of this Protective Order. Pending the Court's decision on the motion, the information designated as "Confidential" shall be treated as though it were "Confidential Information" within the meaning of this Order. If the objecting party does not file such a motion within twenty-eight (28) days of the service of its objection(s) and the producing party has not agreed to extend the time for filing such a motion, the information designated as "Confidential" shall be treated as "Confidential Information" within the meaning of this Protective Order. This Protective Order is without prejudice to any party bringing before the Court the question of whether any particular document or class of documents or information related thereto should be subject to any form of confidentiality. With respect to any motions relating to the confidentiality of documents or related information, the burden of justifying the designation shall lie with the designating party. All parties reserve the right to appeal the decision of the Court.

13. After the conclusion of this Action, this Protective Order shall continue to be binding upon the parties hereto and all persons to whom designated "Confidential Information"

has been disclosed or communicated. After the conclusion of this Action, unless otherwise agreed to in writing by an attorney of record for the designating party, within ninety (90) days of the conclusion of this Action and to the extent permitted by law, each party shall either assemble and return to the party from whom the designated material was obtained or assemble and destroy all designated material, including all copies, extracts and summaries thereof. This provision does not apply to any document filed with the Court or to any document that has lost its confidential status due to Court order or a party's waiver, or to a document which contains attorney work product. Written confirmation of compliance with this requirement shall be made at the request of either party or counsel.

14. The terms of this Protective Order may be amended or modified by the written agreement of the parties or by order of the Court.

15. Any person, who in the course of this Action comes into possession of material designated by a party as "Confidential Information," who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, boards, or associations) seeking production or other disclosure of the "Confidential Information," shall immediately give written notice of the process by overnight delivery and email to the undersigned counsel for the producing party to permit the producing party to take action to protect the "Confidential Information," as necessary to enforce the provisions of this Protective Order.

16. The Court shall retain jurisdiction over any person or organization authorized under paragraph 4 above to receive "Confidential Information," as necessary to enforce the provisions of this Protective Order.

17. Nothing contained in this Protective Order and no actions taken pursuant to it shall prejudice the right of any party to object to or contest the alleged relevancy, admissibility, or discoverability of documents and/or information on any ground, including the attorney-client privilege, attorney work product doctrine, or any other applicable privilege.

18. The inadvertent, unintentional, or in camera disclosure of "Confidential

Information" during the pendency of this Protective Order shall not be deemed a waiver of the right to file a timely and properly asserted motion for a protective order relating to such documents by the producing or disclosing party in the event the parties or their counsel cannot reach agreement with respect to such documents. However, by this Protective Order, no party waives any claim, position or defense to document confidentiality which that party now has (e.g., documents already in the public domain, documents already determined to be public records subject to disclosure, documents previously produced pursuant to Freedom of Information Act requests without confidentiality limitations or otherwise, etc.).

19.  The parties have stated that, in discovery in this lawsuit, they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

  (a)  If, nevertheless, a party (the "Disclosing Party") inadvertently discloses such privileged or work product information ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product immunity that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

  (b)  If a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall return or destroy, within five business days, all copies of such information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

  (c)  No less than ten business days after providing notification of Inadvertently Disclosed Information, the Disclosing Party shall produce a privilege log listing such information.

  (d)  The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. Such motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Disclosing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Inadvertently Disclosed Information.

20.  Discovery in this case will include production of electronically stored information, including Confidential Information. Subject to the provisions of the sub-paragraphs

below, the parties shall produce electronically stored information in the following form: (i) TIFF images of all pages of an electronic file, (ii) the text of the file, in searchable format, if available, (iii) the fields identified in sub-paragraph (h) below, if available, and (iv) a "load file" that will enable a competent litigation-support service to add the produced materials to a typical litigation-support application such as Summation or Concordance.

(a) The TIFF image of each page of a produce electronic file shall contain a production bates number, so that the entire produced file shall have a production bates range consisting of the bates number on the first page through the bates number of the last page of the file. The production bates number shall not obscure any viewable portion of the original image.

(b) Consistent with the provisions of this Order, the TIFF image may contain a stamp or other indication showing that the file contains Confidential Information or has been produced subject to this Protective Order. Such stamp or other indication shall not obscure any viewable portion of the original image.

(c) The image may contain a statement that the image has been produced in this lawsuit. Any such statement shall not obscure any viewable portion of the original image.

(d) The images shall be prepared in such a manner that all tracked changes, hidden text, comments, spreadsheet and table cells, slides, speaker notes, and any other text that can be hidden for any purpose ("hidden text") shall be visible on the image.

(e) For electronic files, if any, that constitute Excel spreadsheets (or their equivalent) or data from commercial or proprietary database applications, the producing party shall have the option, in lieu of production in TIFF images, to produce such files in a format, such as Microsoft Excel or Microsoft Access, that will present the data from such files in reasonably usable format.

(f) The production shall be organized in such a manner that the "parent-child" relationship of all files that include attachments shall be maintained and identifiable, for example, through a field in the "load file" that identifies the entire attachment range.

(g) The searchable text of the electronically stored information shall consist of the full text of the file as that text existed in the original electronic file, including any hidden text, except that, if the image has been redacted (for example, to mask material protected by the attorney-client privilege or work-product immunity), the searchable text shall consist of an OCR copy of such original text without the redacted language.

(h) The "load file" shall include for each produced electronic file any of the following items of data that are associated with the particular file in the normal course of

business ("metadata fields") and that are reasonably available for such file: (1) for email files: From, To, cc, bcc, Subject, Date, and Time; (2) for other electronic files: Created Date, Last Edit Date, Author, and File Name. The "load file" shall also include, for each produced electronic file, a field containing information sufficient to identify the source of the file, such as the name of the person from whom the file was collected or a full source path name.

(j) Following production in the form described above, if any party has good cause to examine one or more particular files in a form other than the produced form, the parties shall cooperate reasonably in addressing any such request for an alternative form of production, including discussion of shifting of costs associated with any such request.

Dated: 12/2, 2010

SO ORDERED

*[signature]*
United States District Court Judge

Dated: ~~November~~ December 2, 2010

*[signature]* Lyn P. Pruitt
Attorneys for Wyeth

Dated: ~~November~~ December 1, 2010

*[signature]*
Attorneys for Plaintiffs

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DAWN WILSON and THOMAS WILSON,<br><br>Plaintiffs,<br><br>v.<br><br>WYETH, WYETH PHARMACEUTICALS, INC., SHERWOOD FAMILY MEDICAL CENTER, P.A., DONALD LAURENZANA, M.D., AND JOHN DOE TORTFEASORS 1-100, inclusive<br><br>Defendants. | CASE NO. CV-09-00343-JMM<br><br><br><br>ACKNOWLEDGEMENT |

_____ hereby acknowledges and agrees that he/she has been provided with a copy of the Protective Order entered in the above captioned action; he/she has read the Order; he/she agrees to be bound by its terms; and he/she subjects himself/herself to jurisdiction of the United States District Court for the Eastern District of Arkansas, Western Division for purposes of any action to enforce the terms of the Order.

_____                                   _____
Date                                                                     Name