IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS,
WESTERN DIVISION

| | |
|---|---|
| **Dawn Wilson and Thomas Wilson,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**Wyeth, Wyeth Pharmaceuticals, Inc.,** )<br>**Sherwood Family Medical Center, P.A.,** )<br>**Donald Laurenzana, M.D., and John Doe** )<br>**Tortfeasors 1-100,** )<br>)<br>Defendants. )<br>) | **Case No. 4:09-CV-0343 JMM**<br><br>Judge James M. Moody<br>Magistrate Judge Beth Deere |

## DEFENDANTS WYETH AND WYETH PHARMACEUTICALS, INC.'S MOTION TO COMPEL AND FOR SANCTIONS AND BRIEF IN SUPPORT

Pursuant to Fed. R. Civ. P. 30(c)(2), (d)(2), and 37(a)(5), Defendants Wyeth and Wyeth Pharmaceuticals, Inc. (collectively, "Wyeth") move for a order compelling Plaintiff Thomas Wilson to answer deposition questions not involving any privilege, to reconvene his deposition, and for fees and costs in bringing this motion and reconvening his deposition. As set forth below, Plaintiffs' attorney, Mr. Brian Witzer, improperly and without basis instructed Mr. Wilson not to answer deposition questions regarding his criminal history.

### FACTUAL BACKGROUND

Plaintiffs allege that Ms. Wilson's use of the antidepressant, Effexor, caused her to develop Stevens-Johnson Syndrome (SJS) or Toxic Epidermal Necrolysis (TENs), a rare and serious allergic reaction that has been associated with certain medications and with the use of methamphetamine.[1] Ms. Wilson acknowledged in her written discovery responses that she has

---

[1] *See e.g.*, Hugh Roberts et al., *Severe Toxic Epidermal Necrolysis Precipated by Amphetamine Use,* 47 Austrl. J. of Derm. 114-16 (2006).

1

used methamphetamine in the past, her medical records state that she told a nurse at the hospital that she used methamphetamine on occasion, and a drug screen conducted at the hospital was "positive" for "Amphetamine/Methamphetamine." Moreover, Mr. Wilson testified at his deposition that he had been discharged from employment in the recent past because a drug screen showed a positive result for methamphetamine. Relatedly, Wyeth's counsel asked Mr. Wilson a number of questions about his criminal history that his attorney instructed him not to answer:

> Q: [A]ny other times you've been arrested or detained by law enforcement?
>
> A: I've been arrested on a few occasions, minor stuff, you know.
>
> Q: All right. Well, how many times, two or three?
>
> A: A few. I don't know how many, sir. You know, it's -- I have no idea. It's just -- an exact count?
>
> MR. WITZER: The proper question is: Have you ever been arrested on a felony?
>
> THE WITNESS: No, sir.
>
> MR. WITZER: Okay. That's the end of that question. What else do you want to know?
>
> MR. EFAW: Counsel, I've been indulging. You need to object to form and foundation. That's what you're limited to.
>
> MR. WITZER: Ask your next question.
>
> MR. EFAW: If you want to order him not to answer, you can do that and we'll take it up with the judge later. But let's just keep it to form and foundation.
>
> BY MR. EFAW:
>
> Q: So you were arrested for a DUI?
>
> A: Yes, sir.
>
>       ***
>
> Q: Okay. And what year was that?

MR. WITZER:  Don't give him any more information about that.  I'm instructing you not to answer.  You're only to answer any issue pertaining to a felony conviction.  Do you have any?

THE WITNESS:  No, sir.

MR. WITZER:  What's your next question?

BY MR. EFAW:

Q:  Are you going to follow the instruction of your counsel on this?

A:  I am.

Q:  Okay.

MR. EFAW:  We'll leave that an open issue.

BY MR. EFAW:

Q:  Have you ever spent time in jail?

A:  Yes, I have.

Q:  When?

A:  I don't recall the date.

MR. WITZER:  Is this pertaining to a felony conviction?  Is this pertaining to a felony conviction?

THE WITNESS:  No, sir.

MR. WITZER:  Then you're instructed not to answer.

MR. EFAW:  I'm asking the question, Counsel, not you.

BY MR. EFAW:

Q:  You spent time in jail; is that right?

MR. WITZER:  I'm instructing him not to answer.  Okay?

THE WITNESS:  Yes.

MR. WITZER:  What's your next question?

BY MR. EFAW:

Q:  You've spent time in jail; is that correct?

MR. WITZER:  I'm instructing him not to answer.

MR. EFAW:  I heard that.

BY MR. EFAW:

3

>Q  Are you going to follow the counsel – your counsel's instruction on that?
>
>A:  Yes, sir.
>
>Q:  Do you know what a felony is?
>
>A:  Yes, sir.
>
>Q:  Do you know what a misdemeanor is?
>
>A:  Yes, sir.
>
>Q:  What's the difference between a felony and misdemeanor?
>
>MR. WITZER:  Objection.  Instructing him not to answer.  It's a legal conclusion.

(Dep. of Thomas Wilson, Dec. 10, 2010, 55:1-58:15 (Exhibit A).)

Mr. Wilson's counsel inappropriately instructed his client not to answer these questions and inappropriately made speaking objections guiding his client not answer questions.  Mr. Wilson's counsel had no basis for such instructions or objections.

## ARGUMENT

### I.  MR. WITZER HAD NO BASIS TO INSTRUCT THE DEPONENT NOT TO ANSWER

Objections during the course of a deposition are governed by Rule 30(c)(2), "*An objection must be stated concisely in a nonargumentative and nonsuggestive manner.  A person may instruct a deponent not to answer **only** when necessary to preserve a privilege, to enforce a limitation order by the court, or to present a motion under Rule 30(d)(3).*"  (Emphasis added.) The limitation on instructions not to answer is explained further in the Notes of Advisory Committee, which provide:

>Depositions frequently have been prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond …
>
>Directions to a deponent not to answer a question can be even more disruptive than objections.  The second sentence of new paragraph (1) prohibits such directions except in the three circumstances indicated…

Fed. R. Civ. P. 30, 1993 Advisory Committee's Note. *See Harp v. Citty*, 161 F.R.D. 398, 401-02 (E.D. Ark. 1995) (discussing need for courts to impose "stern measures" to deter unwarranted instructions not to answer deposition questions, otherwise "the obstructive party loses nothing, but defeats spontaneity and gains attorney's fees").

Mr. Witzer never suggested that Wyeth's questions could somehow invade a privilege. Nor has there been any "limitation order" by the Court that Wyeth's questions could possibly exceed. Finally, Mr. Witzer did not indicate he was instructing Mr. Wilson not to answer questions about his criminal history because Mr. Witzer intended to seek appropriate relief under Rule 30(d)(3)(A). At best, Mr. Witzer's objections and instructions show that he simply felt Wyeth's questions were beyond what Mr. Witzer considered "proper." At worst, Mr. Witzer was intentionally obstructing discovery that Defendants are entitled to. None is a proper basis under the federal rules to instruct a deponent not to answer questions.

In addition, questions about Plaintiffs' criminal history are plainly discoverable. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Helmert v. Butterball, LLC*, 4:08CV00342 JLH, 2010 WL 2179180, at *3 (E.D. Ark. May 27, 2010) (quoting *Moses v. Halstead,* 236 F.R.D. 667, 671 (D. Kan. 2006)); *see also Nuckles v. Wal-Mart Stores, Inc.*, 4:06CV00178 WRW, 2007 WL 1546092, at *3 (E.D. Ark. May 25, 2007) (noting that the scope

of discovery extends to any matter that is relevant to the subject matter of a claim and that the parties should err on the side of disclosure and reveal all information that could lead to the discovery of relevant facts).

The central issue in this case what caused Ms. Wilson to develop a severe allergic reaction. Plaintiffs contend that it was Ms. Wilson's alleged exposure to Effexor. Wyeth is entitled to explore alternative causes, including whether Plaintiffs were exposed to methamphetamine, an illegal substance with a known association to the type of allergic reaction experienced by Ms. Wilson. Mr. Wilson's criminal history, including past arrests, detentions, and incarcerations, could lead to admissible evidence and are within the scope of discovery. Furthermore, Mr. Wilson's criminal history could be admissible as character evidence under Fed. R. Evid. 608, or admissible for impeachment under Fed. R. Evid. 609(a)(2).

Mr. Wilson should be ordered to appear for second deposition and to answer questions about his criminal history, including questions about past arrests, detentions, are incarcerations, and any reasonable follow-up questions.

## II. WYETH SHOULD BE GRANTED ITS FEES AND COSTS IN BRINGING THIS MOTION AND RECONVENING THE DEPOSITION

Due to Plaintiffs' counsel's inappropriate instructions to his client not to answer certain deposition questions, Wyeth has been forced to bring this motion, and eventually to reconvene the deposition at unnecessary cost, time, and effort. Plaintiffs should be ordered to pay Wyeth's attorneys' fees and costs in bringing this motion and reconvening the deposition. Fed. R. Civ. P. 37(a)(5) (noting that if a motion to compel is granted or discovery is provided after filing such a motion that a court "must" require the party who necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees); *see Harp*, 161 F.R.D. at 404 (granting motion for sanctions against hospital that instructed its nurse not to answer deposition questions);

*Arkansas ex rel. McDaniel v. Gen. Warranty Servs., Inc.*, 4:09CV00485 BSM, 2010 WL 1735141 (E.D. Ark. Apr. 27, 2010) (granting attorneys' fees and costs for bringing motion to compel discovery responses as sanctions for failing to follow the court's order regarding the motion to compel); *Davis v. DuPont*, 729 F. Supp. 652, 653 n.1 (E.D. Ark. 1989) (noting that the court had earlier granted defendant's motion to compel and request for costs and fees and that plaintiff had paid the defendant's fees and costs); *see also Shell v. Sudan*, 8:08CV260, 2010 WL 1740690 (D. Neb. Apr. 28, 2010) (affirming magistrate's order to reconvene deposition and awarding moving party all costs, including attorneys' fees, for the deposition); *Gardner v. Johnson*, 08 C 50006, 2009 WL 5215589, *6 (N.D. Ill. Dec. 30, 2009) ("The court finds that Defendants should reimburse Plaintiff for those additional costs and expenses [of reconvening the deposition]."); *Loudermilk v. Best Pallet Co., LLC*, 08 C 06869, 2009 WL 4350651 (N.D. Ill. Nov. 25, 2009) (granting fees and costs for motion to reconvene deposition, reconvening of deposition, and for motion for fees and costs); *Campos v. MTD Prods., Inc.*, 2:07-CV-00029, 2009 WL 2252257 (M.D. Tenn. July 24, 2009) (granting costs for reconvening of deposition and for bringing motion for sanctions).

## **CONCLUSION**

Wyeth is entitled to its fees and costs in bringing this motion and reconvening the deposition. If this motion is granted, Wyeth will submit evidence of its fees and costs for making this motion and for reconvening the deposition after the deposition is reconvened.

WHEREFORE, Wyeth requests that the Court enter an order

a) that the parties reconvene Mr. Wilson's deposition;

b) that Mr. Wilson answer all relevant, non-privileged questions;

c) that Mr. Wilson's counsel not make speaking objections;

d) that awards Wyeth its costs and fees in bringing this motion and reconvening the deposition, which Wyeth will substantiate with the Court after Mr. Wilson's deposition is reconvened.

Dated:  February 11, 2011                     Respectfully submitted,

s/ Lyn P. Pruitt, Ark. Bar No. 84121
MITCHELL WILLIAMS, P.L.L.C.
425 West Capitol Avenue
Suite 1800
Little Rock, Arkansas  72201
Telephone:  (501) 688-8800
Facsimile:   (501) 688-8807
Email:  lpruitt@mwlaw.com

and

Andrew C.S. Efaw (Colo Bar No. 29053)
Sean G. Saxon (Colo. Bar. No. 36387)
Stephen E. Oertle (Colo. Bar No. 41353)
WHEELER TRIGG O'DONNELL LLP
1801 California Street, Suite 3600
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile:  (303) 244-1879
Email:  efaw@wtotrial.com
Email:  saxon@wtotrial.com
Email:  oertle@wtotrial.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2011, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

>James Henry Bartolomei, III
>jim@duncanfirm.com
>
>Rowena J. Dizon
>Rowena@witzerlaw.com
>
>Phillip J. Duncan
>phillip@duncanfirm.com
>
>William R. Pointer
>rob@duncanfirm.com
>
>Brian D. Witzer
>brian@witzerlaw.com

                     **/s/ Lyn P. Pruitt**